**ORIGINAL**

**FILED**

03/29/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0138

# IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0138

TYREE KILO SELAGE,

Petitioner,

v.

JIM SALMONSEN, Warden,
Montana State Prison,

Respondent.

**O R D E R**

FILED

MAR 2 9 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Tyree Kilo Selage seeks treatment in his recently filed Petition for Writ of Habeas Corpus. He explains that he is serving prison sentences for several driving under the influence of alcohol or drug (DUI) convictions and that he sought relief through his requests to the Board of Pardons and Parole (Board). Selage has filed attachments with his Petition, including a DVD of his October 12, 2021 appearance before the Board and the Board's Case Disposition, dated October 22, 2021.

This Court is familiar with some of Selage's criminal background. On October 3, 2016, the Third Judicial District Court, Anaconda-Deer Lodge County, issued its Judgment convicting Selage of all charged offenses. The court sentenced him to a five-year term with the Department of Corrections (DOC) on the felony DUI, to run consecutively to a prior sentence, and to a concurrent six-month sentence for the obstructing a peace officer offense. Earlier this year, we granted Selage habeas corpus relief in part to amend this sentence for the award of 212 days of credit for time served. *Selage v. Green*, No. OP 21-0588, Order (Mont. Jan. 18, 2022).

From his attachments, on December 14, 2020, the Thirteenth Judicial District Court, Yellowstone County, sentenced Selage to Montana State Prison (MSP) for felony DUI for a five-year term. On February 3, 2021, the Yellowstone County District Court sentenced Selage to MSP for a five-year term for felony DUI, to run consecutively to his prior

sentence. The court awarded him credit for time served in both cases. On June 7, 2021, the Sentence Review Division (SRD) of the Montana Supreme Court reviewed both sentences and found his sentences to be clearly excessive. The SRD modified Selage's sentences from a MSP sentence to a DOC sentence.

Selage now argues that the Board's denial of his parole was improper. He states that he wants to attend DUI Court because of his problem of drinking and driving under the influence. Recognizing the cyclical pattern of offense, sentence, and imprisonment, Selage seeks treatment to conform his behavior in the world outside of the prison. He requests that he be placed at a WATCh program.[1]

Selage's relief is not with this Court. Upon review of his attachments, the Board granted Selage parole a second time on September 3, 2019.[2] His Parole Officer filed a Report of Violation on March 30, 2020, because Selage was charged with felony DUI, along with having other compliance violations, committed two days before the Report. The Report noted that Selage's adjustment to supervision was poor: "[Selage] left his sober living home 5 days after his arrival. Since that time, he has continued to decline with alcohol use, drug use, and now has new charges since being paroled 206 days ago." Selage had been granted parole, and then he violated his parole again with two felony DUIs. After his imprisonment in 2020, he sought to be placed at a DUI Court with the Board. The Board denied his request in an August 4, 2020 letter. He sought other relief regarding the commencement of his sentences. In October 2021, Selage appeared remotely from the Dawson County Correctional Facility before the Board. The Board denied his request for commencement and scheduled Selage for a reappearance in October 2022.

This Court cannot grant Selage his requested relief through this remedy or at this stage of incarceration. We point out that he is under the Board's jurisdiction while he is in prison. *McDermott v. McDonald*, 2001 MT 89, ¶¶ 18-19, 305 Mont. 166, 24 P.3d 200. He is too late to seek placement in a DUI treatment court. Treatment court placement would

---

[1] WATCh stands for Warm Springs Addiction, Treatment, and Change Program. Selage attended WATCh West in 2015.

[2] Selage was first granted parole in January 2018, and he violated in March 2018.

2

have needed to be imposed prior to, or along with, the imposition of a prison sentence. *See, e.g, State v. Byrd*, 2015 MT 20, ¶ 18, 378 Mont. 94, 342 P.3d 9 (This Court held that a sentencing court may impose placement at a treatment program as part of the sentence, but it is not considered incarceration.) We further point out that when sentencing, the District Court had to balance Selage's need for treatment with the risk to others' safety on Montana's roads. Section 46-18-101(2), MCA. We commend Selage for recognizing the importance and need for his treatment, but he will have to avail himself of the programs where he is housed.

Selage has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. Accordingly,

IT IS ORDERED that Selage's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Tyree Kilo Selage personally.

DATED this 29ᵗʰ day of March, 2022.

Justices

3